# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Strike 3 Holdings, LLC, | Civ. No. 18-777 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| John Doe, subscriber assigned IP address 24.118.185.57, | |
| Defendant. | |

Adam Gislason, Esq., Fox Rothschild LLP, counsel for Plaintiff.

Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves *ex parte* for leave to conduct early discovery via a third-party subpoena directed to Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast Cable"). (Doc. No. 4.) For the reasons stated below, Strike 3's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.   Background

Strike 3 is the owner of several adult motion pictures. (Doc. No. 1, Compl. ¶ 2.) Strike 3 has filed many copyright infringement cases, including eight in the District of Minnesota. *See* Civil Case Nos. 18-cv-768 (DSD/FLN), 18-cv-771 (DWF/HB), 18-cv-773 (JRT/DTS), 18-cv-774 (DWF/DTS), 18-cv-775 (PJS/SER), 18-cv-778 (PJS/HB), 18-cv-779 (WMW/SER). Strike 3 has hired an investigator, IPP International U.G., to monitor and detect the infringement of Strike 3's content. IPP discovered that

Defendant's IP address was illegally distributing several of Strike 3's motion pictures. Strike 3's independent forensic expert, John S. Pasquale, reviewed the evidence captured by IPP and confirmed that Defendant's IP address was involved in infringing transactions at the exact date and time reported by IPP. (*See* Doc. No. 11, Declaration of John S. Pasquale ("Pasquale Decl."); Doc. No. 1-1, Compl., Ex. A.)

At this point, Strike 3 only knows that infringement is associated with a particular IP address. This IP address is assigned to a subscriber by Comcast Cable. Strike 3 alleges that the Defendant subscriber, identified as John Doe in the Complaint, infringed its copyrights. Comcast Cable is the only entity with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. Thus, Strike 3 seeks leave to serve a Rule 45 subpoena on Comcast Cable so Strike 3 may learn Defendant subscriber's identity, investigate Defendant's role in the infringement, and effectuate service. Strike 3 represents that the subpoena will only demand the true name and address of Defendant, and Strike 3 will use this information only to prosecute the claims in its Complaint. (Doc. No. 6, Def.'s Mem. 6.)

**II.    Analysis**

Litigants generally may not "seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Courts in the Eighth Circuit have used a "good cause" standard to determine whether expedited discovery is appropriate. *See Wachovia Sec. v. Stanton*, 571 F. Supp. 2d 1014, 1049 (N.D. Iowa 2008). In infringement cases, for example, courts "have allowed expedited discovery . . . when the identity of the infringing defendant is masked by the defendant's use of

technology or third-parties to hide their true identities." *United Pet Grp., Inc. v. Does*, No. CV 4:13-01053 AGF, 2013 WL 4482917, at *1 (E.D. Mo. Aug. 20, 2013). Courts consider the following factors in deciding whether to allow early discovery to ascertain the identity of an anonymous copyright infringer:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arisa Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Analyzing these factors, the Court concludes that Plaintiff is entitled to early discovery to ascertain the identity of the alleged infringer.

    **1.**    **The concreteness of the plaintiff's showing of a prima facie claim of actionable harm.** Strike 3 has stated a prima facie claim for copyright infringement, the elements of which are ownership of a valid copyright and copying of original elements of the copyrighted work. *Warner Bros. Entm't, Inc. v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011). Strike 3 alleges that Defendant used the BitTorrent file network to illegally download and distribute its copyrighted motion pictures. (*See* Compl. ¶ 23.) This is sufficient to state a prima facie claim. (*See also* Compl. ¶ 27 ("Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization."); Compl. ¶ 31 ("Plaintiff owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations.").)

  **2.**  **The specificity of the discovery request.** Strike 3's discovery request is narrow and specific, seeking Plaintiff's name and address only. *See, e.g.*, *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) (denying motion to quash because the "request is specific, as it seeks concrete and narrow information: the name and address of the subscriber associated with [the] IP address, which Wiley alleges was used to infringe its copyright").

  **3.**  **The absence of alternative means to obtain the subpoenaed information.** The Digital Millennium Copyright Act ("DMCA") provides that a copyright owner "may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." 17 U.S.C. § 512(h)(1). However, the Eighth Circuit has held that this provision "does not allow a copyright owner to request a subpoena for an ISP which merely acts as a conduit for data transferred between two internet users." *In re Charter Commc'n*, 393 F.3d 771, 776 (8th Cir. 2005). This is because the "text and structure of the DMCA require the ISP to be able to both locate and remove the allegedly infringing material before a subpoena can be issued against it." *Id.* at 776–77. As in *In re Charter Commc'n*, Comcast is acting "solely as a conduit for the transmission of material by others (its subscribers using P2P file-sharing software to exchange files stored on their personal computers)." *Id.* at 777. Therefore, the subpoena provision in the DMCA is unavailable, and a Rule 45 subpoena is the only avenue to discover the subscriber

associated with the infringing IP address.[1] *See John Wiley*, 284 F.R.D. at 190 (explaining that the use of BitTorrent software is "largely anonymous except insofar as it requires a user to broadcast the user's IP address").

    **4.**    **The need for the subpoenaed information to advance the claim.**

Plaintiff needs Defendant's name and address to initiate service of process in this case. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *4 (D. Conn. Nov. 1, 2017) ("Strike 3 cannot learn the subscriber's identity without the subpoenaed information, so cannot serve process on Defendant.").

    **5.**    **Defendant's expectation of privacy.** Courts have held that an IP subscriber, such as Defendant, does not have a reasonable expectation of privacy when using file-sharing software. *See United States v. Stults*, 575 F.3d 834, 842 (8th Cir. 2013) ("Several federal courts have rejected the argument that an individual has a reasonable expectation of privacy in his or her personal computer when file-sharing software . . . is installed."); *United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013) (finding defendant lacked an expectation of privacy when he "chose to share pornographic files via a peer-to-peer network"). Some courts, however, have drawn a distinction between the criminal law's inquiry into privacy expectations under the Fourth Amendment and confidentiality concerns under the rules of civil discovery. *See Lureen v. Doctor's*

---

[1] In *In re Charter Commc'n*, the Eighth Circuit recognized that parties can "employ alternative avenues to seek this information, such as 'John Doe' lawsuits. In such lawsuits, many of which are now pending in district courts across the country, organizations . . . can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." 393 F.3d at 775 n.3.

*Assocs., Inc.*, Case No. 4:17-CV-04016-LLP, 2017 WL 4179995, at *5 (D.S.D. Sept. 20, 2017) ("The rules of civil procedure may be exercised to protect confidential or sensitive information that would not be protected under the Fourth Amendment.").

The Communications Act provides that a cable operator "shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). While the Communications Act does not establish that a subscriber has an absolute right to privacy in the discovery context, the Act and its notice provisions are worth considering. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, Case No. 3:17-cv-02316-GPC-KSC, 2018 WL 324264, at *3 (S.D. Cal. Jan. 5, 2018) (explaining that the Act "generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber," but a cable operator "may disclose such information if the disclosure is made pursuant to a court order, and the cable operator provides the subscriber with notice of the order"). Many courts have authorized subpoenas to be issued pursuant to court orders under the Communications Act. *See Uber Tech., Inc. v. Doe*, Case No. 15-cv-00908-LB, 2015 WL 1926291, at *2 (N.D. Cal. Apr. 27, 2015) ("The court furthermore deems the requested—and now authorized—subpoena to be issued 'pursuant to a court order' within the meaning of 47 U.S.C. § 551(c)(2)(B) . . . . This order expressly authorizes such disclosure."); *Arista Records LLC v. John Does 1–19*, 246 F.R.D. 28, 29 (D.D.C. 2007) ("The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable

operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.").

Strike 3 Holdings' John Doe copyright lawsuits raise unique privacy concerns. The John Doe subscriber may not be the individual who infringed upon Strike 3's copyright. The "true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection." *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 17-cv-2347 (TJK), 2018 WL 385418, at *2 (D.D.C. Jan. 11, 2018). Also, there is a "real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations" and that "the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Id.* Anonymity may be necessary to preserve privacy in a matter of a sensitive and highly personal nature—especially when the actual infringer cannot be determined based on the subscriber information alone.

The Court finds that the information sought by Plaintiff is not exempt from discovery; however, the Court has the authority to quash or modify the subpoena. Further, under Federal Rule of Civil Procedure 26(c), the Court may *sua sponte* grant a protective order for good cause shown. Such an order may be issued to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Consistent with its authority, the Court issues a limited protective order described below because the ISP subscriber may be an innocent third party and the subject matter of the

suit deals with sensitive and personal matters. *See Strike 3 Holdings, LLC v. Doe*, Case No. 17-cv-07060-LB, 2018 WL 357290, at *3 (N.D. Cal. Jan. 10, 2018).

## ORDER

For the reasons set forth above, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. No. 4) is **GRANTED**, as follows:

1. Plaintiff may serve a subpoena on Defendant's ISP, Comcast Cable Communications, LLC ("Comcast Cable"), seeking the name and address only of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in Doc. No. 1-1, Exhibit A to Plaintiff's Complaint.

2. The subpoena must provide a minimum of **sixty (60) days** notice before any production and shall be limited to one category of documents identifying the particular subscriber identified in the Complaint. The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in Doc. No. 1-1, attached to the Complaint as Exhibit A. Comcast Cable may seek a protective order if it determines there is a legitimate basis for doing so.

3. Comcast Cable shall have **fourteen (14) calendar days** after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have **forty-five (45) calendar days** from the date of the notice to seek a protective order or file any other responsive pleading.

4. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Comcast Cable. Comcast Cable, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order. No other discovery is authorized at this time.

5. Strike 3 Holdings must not publicly disclose the information until Defendant has the opportunity to file a motion with the Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within **forty-five (45) calendar days** after his or her information is disclosed to Strike 3 Holding's counsel, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers temporarily filed under seal until the Court has the opportunity to rule on the request and to consider whether such materials should remain under seal.

6. On or before August 1, 2018, Plaintiff shall file a Status Report with the Court briefly outlining the progress of the discovery authorized by this Order. The Status Report must not include any identifying information.

Date: May 4, 2018.                                         *s/ Becky R. Thorson*_____
                                                          BECKY R. THORSON
                                                          United States Magistrate Judge